UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| Daniel P. Errigo, Jr.<br>a/k/a Daniel Errigo, Jr.<br>a/k/a Daniel P. Errigo<br>a/k/a Daniel Errigo,<br>and<br>Cynthia M. Paisley-Errigo<br>a/k/a Cynthia Paisley-Errigo<br>a/k/a Cynthia Marie Paisley-Errigo<br>a/k/a Cynthia Errigo,<br>              Debtors<br>and<br><br>Peoples Security Bank & Trust, successor in interest to Peoples Neighborhood Bank,<br><br>              Movant<br>and<br><br>Daniel P. Errigo, Jr.<br>a/k/a Daniel Errigo, Jr.<br>a/k/a Daniel P. Errigo<br>a/k/a Daniel Errigo,<br><br>and<br><br>Charles J. Dehart, III, Trustee<br>              Respondents | 5:19-bk-00116<br><br>Chapter 13 |

## STIPULATION

Peoples Security Bank & Trust Co., successor in interest to Peoples Neighborhood Bank (the "Bank) and Daniel P. Errigo, Jr. a/k/a Daniel Errigo, Jr., a/k/a Daniel P. Errigo, a/k/a Daniel Errigo (the "Borrower") hereby stipulate and agree as follows:

### WITNESSETH

WHEREAS, on or about April 19, 2011, the Borrower was the owner in fee of improved real estate situate in the Township of Scott, Lackawanna County, PA, as more particularly

2382382_2

described in Lackawanna County Deed Book 873, Pages 341, et seq., and more commonly known as 28-30 Green Grover Road, Scott Township, PA 18447 (the "Mortgaged Property");

WHEREAS, on or about April 19, 2011, the Bank made a commercial loan to the Borrower in the amount of $150,000.00 (the "Loan");

WHEREAS, the Loan is evidenced by a promissory note dated April 19, 2011 ("Note");

WHEREAS, in order to induce partially the Bank to make the Loan, the Borrower executed and delivered to the Bank a mortgage (the "Mortgage") on the Mortgaged Property;

WHEREAS, a default occurred under the Mortgage in that the Borrower failed to make payments due under the Note;

WHEREAS, on or about January 10, 2019, the Debtor and Cynthia M. Paisley-Errigo a/k/a Cynthia Paisley-Errigo, a/k/a Cynthia Marie Pasiley-Errigo a/k/a Cynthia Errigo (jointly, the "Debtors") filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code;

WHEREAS, the Borrower was, at the time of the filing of the petition which commenced the within proceedings justly and truly indebted to the Bank under the Note;

WHEREAS, the Borrower failed to make his February 19, 2019 and March 19, 2019 post-petition payments to the Bank;

WHEREAS, it is the intent of the parties to this stipulation to enter into an agreement to allow the Bank relief from the automatic stay subject to the conditions hereinafter more particularly set forth herein.

NOW, THEREFORE, for and in consideration of the mutual covenants contained herein, and other and good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and intending to be legally bound hereby, the parties to this Stipulation hereby agree as follows:

1. RECITALS.

The above recitals are incorporated as accepted provisions of this Stipulation.

2. LISTING OF MORTGAGE PROPERTY.

Upon execution of this Stipulation, the Borrower agrees to provide the Bank with a fully-executed listing agreement with a licensed real estate broker in order to offer the Mortgaged Property for sale.

3. RELIEF FROM STAY.

The Borrower agrees that the Bank shall have relief from the stay of bankruptcy effective July 1, 2019, in order to pursue its state law rights and remedies with respect to the Mortgaged Property. Notwithstanding, the Bank agrees that it shall not cause the Mortgaged Property to be scheduled for a Sheriff's sale prior to October 1, 2019.

4. SALE OF MORTGAGED PROPERTY.

If the Mortgaged Property is sold by the Borrower prior to the Sheriff's sale, as contemplated in Section 3 above, for an amount sufficient to pay off all indebtedness owed to the Bank, the Bank agrees to accept the proceeds from such sale in satisfaction of all indebtedness owed on its Note and Mortgage. If the Borrower finds a buyer for the Mortgaged Property that is willing to pay less than the amount necessary to pay off all indebtedness owed to the Bank on the Note and Mortgage, the Bank may elect to accept the net proceeds from such sale in full and final satisfaction of all indebtedness owed on the Note and the Mortgage, or to proceed with the Sheriff's sale as contemplated in Section 3 above.

5. INSPECTION OF MORTGAGE PROPERTY.

The Bank and/or its agents or assigns shall have the right, upon reasonable notice, from time-to-time, to examine the Mortgaged Property for the purposes of inspection, appraisal, or any other appropriate reason.

2382382_2

Case 5:19-bk-00116-RNO    Doc 48    Filed 06/13/19    Entered 06/13/19 11:23:55    Desc
Main Document    Page 3 of 5

6. ACKNOWLEDGEMENT.

The Borrower acknowledges, recognizes and affirms the validity and enforceability of the Mortgage, the terms and conditions of which are hereby incorporated by reference, and the Borrower confirms that he has no offsets, defenses, claims or counterclaims to any of his obligations under the Note to the Bank, except to the extent that his obligations to the Bank may be limited by applicable bankruptcy law.

7. RELEASE

For an in consideration of the Bank's entering into this Stipulation, the Borrower hereby releases, remises, and discharges the Bank from and against any manner of claim, demand, cause of action, judgment, verdict, damage or cost which the Borrower may have, or ever had, from the beginning of time through the present against the Bank. This release shall survive termination of this Stipulation and shall remain in full force and effect, regardless of what transpires in the future between the Borrower and the Bank as to all matters.

8. FILING

The parties hereto agree that this Stipulation, once fully executed, shall be filed with the Court.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the parties hereto execute this Stipulation and request the Court to approve the same this ____ day of April, 2019.

_____         _____
Witness                                 Daniel P. Errigo, Jr. a/k/a Daniel Errigo, Jr., a/k/a
                                        Daniel P. Errigo, a/k/a Daniel Errigo

ATTEST                                  PEOPLES SECURITY BANK & TRUST

_____   By:   _____
                                        ROBERT DIEHL, VICE PRESIDENT

2382382_2

I, Charles J. DeHart, III, Trustee, hereby consent to the foregoing Stipulation this __12__ day of __June__, 2019.

_Agatha McHale, Esq._

for Charles J. DeHart, III, Trustee

2382382_2

Case 5:19-bk-00116-RNO    Doc 48    Filed 06/13/19    Entered 06/13/19 11:23:55    Desc Main Document    Page 5 of 5